UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WILBERT F. SPELL, JR., et al.,

        Plaintiffs,

  - against -

UNITED PARCEL SERVICE, et al.,

        Defendants.
-------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

09 Civ. 4375 (BMC) (CLP)

**COGAN**, District Judge.

Before the Court is defendants' Motion in Limine to Strike Jose Olivencia's disparate treatment claim, or in the alternative, defendants' Motion for Reconsideration of the Court's April 22, 2011 Summary Judgment Order. The Court construes defendants' application as a Motion for Reconsideration under Fed. R. Civ. P. 59. Familiarity with the factual and procedural background of this case, as detailed in the Summary Judgment Order, is presumed.

Defendants seek reconsideration of the Court's ruling on Olivencia's discrimination claim on the ground that the Court overlooked the holding of Collins v. New York City Transit Auth., 305 F.3d 113 (2d Cir. 2002), and thus failed to accord sufficient weight to the arbitration decision finding just cause for plaintiff's termination. Having carefully considered Collins, I now find that plaintiff has offered insufficient evidence to overcome the probative weight of the arbitral decision against him. For the reasons that follow, defendants' motion will be granted, and the Court's summary judgment ruling will be modified as described below.

## BACKGROUND

Plaintiff worked as a package car driver for United Parcel Service ("UPS") at the Greenpoint Center of the Maspeth Facility in New York. As a member of the International Brotherhood of Teamsters Union, Local 804 ("the Union"), his employment was governed by a collective bargaining agreement ("CBA") between the Union and UPS. Employees may use the CBA grievance procedure to address alleged violations of the CBA. The procedure includes an option for the Union to take the matter to arbitration if the grievance cannot be resolved. Disciplinary measures at UPS vary, but certain offenses, such as dishonesty, are termed "cardinal sins," and are punishable by immediate discharge.

Olivencia was subject to warnings for, *inter alia*, failing to follow safe work methods, proper delivery procedure, and poor attendance. Olivencia was further disciplined for allegedly threatening his supervisor, and for his generally disrespectful behavior. He was ultimately discharged after his employer discovered that he had lied about his physical therapist's availability in order to be released early from work on Fridays. In a twenty page decision, a neutral arbitrator found that the multiple notices of discharge plaintiff had acquired for the above transgressions were well-founded, and he was terminated for dishonesty, insubordination, workplace violence, and his overall record.

## DISCUSSION

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Although the issue was briefed by defendants, the Court

did not consider Collins in its April 22, 2011 decision. Since Collins is controlling law, the Court may properly consider it now. See e.g., Twine v. Powers, No. 09 Civ. 7631(RWS) 2012 WL 3834082 (S.D.N.Y. Aug. 27, 2012).

Defendants argue that Olivencia's claims are precluded by the arbitration decision. Under Collins, the decision of an unbiased, independent arbitrator is accorded considerable weight when it is based on substantial evidence and a fair hearing. Such a decision can only be overcome by "strong evidence" that the decision was factually incorrect – for example, by offering evidence of bias or new evidence not before the arbitrator. Plaintiff does not dispute the neutrality of the proceeding, or that the decision is highly probative of the absence of discriminatory intent. However, he attempts to distinguish Collins on the ground that plaintiff's allegations of discrimination were not addressed at the arbitration proceeding. Additionally, plaintiff argues that unlike Collins, Olivencia was able to offer sufficient evidence to overcome the weight of the arbitrator's decision. The Court disagrees.

First, the law is clear that Olivencia's failure to raise his discrimination claims before the arbitrator is "immaterial" to whether the arbitral determination should be given substantial weight. Brinson v. New York City Transit Auth., 60 F. Supp. 2d 23, 30 (E.D.N.Y. 1999), aff'd, 213 F.3d 625 (2d Cir. 2000). See also Weeks v. New York State Div. of Parole, 78 Fed. Appx. 764, 766 (2d Cir. 2003); Robinson v. Getinge/Castle, Inc., No. 02-cv-6049, 2005 WL 272964 at * 8 (W.D.N.Y. Feb 2, 2005) (noting that arguments akin to plaintiff's have "been rejected repeatedly by courts in this circuit."). As long as the arbitrator has properly evaluated the factual, nondiscriminatory reasons for the termination, "the fact that the arbitration did not adjudicate [plaintiff's] discrimination claim is irrelevant. . . ." Weeks at 766. See also Davis v. O-At-Ka

3

Milk Prods. Cooperative, Inc., No. 02-CV-936, 2004 WL 2980757, at *4 (W.D.N.Y. Dec. 22, 2004). Given the arbitration decision's high probative value, the Court must next consider whether plaintiff offers "strong evidence" which might allow him to survive summary judgment.

Plaintiff argues that comparator evidence showing that similarly situated white employees were treated differently is sufficient to overcome the probative weight of the arbitral finding. However, the comparators he offers are not, in fact, similarly situated. Unlike Olivencia, the comparators accepted lesser punishments and avoided the arbitration process. See Weeks, 2002 WL 32096593 (E.D.N.Y. 2002) (holding that individuals charged with similar misconduct as plaintiff would not be considered similarly situated if they had not had an opportunity to challenge the alleged misconduct in an arbitral proceeding). See also Delia v. Donahoe, No. 03-cv-3367(DRH)(AKT), 2012 WL 1887690 at *20-21 (dismissing plaintiff's discrimination claim on Collins grounds after finding that purported comparators were insufficiently similar to overcome the probative value of the arbitrator's decision.).

Accordingly, defendants' motion is granted, and Olivencia's remaining claim is dismissed.

**SO ORDERED.**

s/ BMC

U.S.D.J.

Dated: Brooklyn, New York
September 24, 2012

4